UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL GARFLO-SOTO,

          Plaintiff,

Case No. 12-cv-14075
HONORABLE BERNARD A. FRIEDMAN

v.

SIX UNKNOWN NAMED AGENTS, et al.,

          Defendants.
_____/

### OPINION AND ORDER OF SUMMARY DISMISSAL

      This is a civil rights action, brought pursuant to 42 U.S.C. § 1983, that was filed on September 13, 2012. According to his *pro se* complaint, plaintiff is an inmate currently confined at the Shu Correctional Center in Big Spring, Texas. On October 1, 2012, Magistrate Judge R. Steven Whalen signed an order of deficiency, which required plaintiff to pay the $350.00 filing fee or to submit an application to proceed *in forma pauperis* within thirty days of the order. That order was returned to the clerk's office because the prison was unable to locate plaintiff at the address he provided to the Court when he filed this action just two weeks earlier. To date, plaintiff has neither paid the filing fee in full or supplied the Court with the requested information.

      The Prison Litigation Reform Act (PLRA) states that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). *See also In Re Prison Litigation Reform Act*, 105 F.3d 1131, 1138 (6th Cir. 1997). Under the PLRA, a prisoner may bring a civil action *in forma pauperis* if he files an affidavit of indigency and a certified copy of the trust fund account statement for the six-month period immediately preceding the filing of the complaint. *See* 28 U.S.C.A. § 1915(a). If the inmate does not

pay the full filing fee and fails to provide the required documents, the district court must notify the prisoner of the deficiency and grant him thirty days to correct it or pay the entire fee. *See McGore v. Wrigglesworth*, 114 F. 3d 601, 605 (6th Cir.1997). If the prisoner does not comply, the district court must presume that the prisoner is not a pauper, assess the full fee, and order the case dismissed for want of prosecution. *Id.*

Plaintiff has failed to comply with Magistrate Judge Whalen's deficiency order by neglecting to timely pay the filing fee or provide the requested documentation needed to proceed *in forma pauperis*. He also did not provide the Court with his correct address and has therefore deprived the Court of the ability to manage this action. The Court will therefore dismiss the complaint for want of prosecution. *See Erby v. Kula*, 113 Fed. Appx. 74, 75-76 (6th Cir. 2004); *Davis v. United States*, 73 F. App'x 804, 805 (6th Cir. 2003).

Accordingly,

IT IS ORDERED that the action is dismissed without prejudice.

    _s/ Bernard A. Friedman_____
    BERNARD A. FRIEDMAN
    SENIOR UNITED STATES DISTRICT JUDGE

Dated: November 19, 2012

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 19, 2012, by electronic and/or ordinary mail.

    ___Carol L. Mullins_____
    Case Manager